[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Tracey Rolfe, brings this action to recover for personal injuries resulting from a fall on a sidewalk outside the defendants' home.
The incident occurred on February 28, 1995 at approximately 1 p. m.
Prior to the fall, the plaintiff had been on the property performing home health care services. He was leaving the home at the time of the incident.
The defendants move for summary judgment.
They claim that because precipitation was falling and a storm CT Page 7581 was still in progress, no duty of care was owed by the defendants to the plaintiff as a matter of law consistent with Kraus v.Newton, 211 Conn. 191 (1989).
Kraus held that "in the absence of unusual circumstances, a property owner in fulfilling the duty owed to invitees upon his property to exercise reasonable diligence in removing dangerous accumulations of snow and ice, may await the end of a storm and a reasonable time thereafter before removing ice and snow from outside walks and steps."Kraus v. Newton, supra, 197-98.
The plaintiff contends that evidence exists from which the trier of fact could find that the ice on which the plaintiff slipped predated the storm in progress.
He further argues that the existence of an alternate exit from the home, and the fact that he was employed pursuant to a home health care services contract with the defendant, Lewis T. Betts, constitute unusual circumstances, thus providing an exception to the rule announced in Kraus.
In passing upon a motion for summary judgment, the court is limited to deciding whether a genuine issue of material fact exists. Batick v. Sevmour, 186 Conn. 632, 647 (1982). The burden is upon the moving party to show quite clearly what the law is, and that it excludes any real doubt as to the existence of any genuine issue of material fact. Fogarty v. Rashaw, 193 Conn. 442,445 (1984); Yanow v. Teal Industries. Inc., 178 Conn. 262, 268
(1979).
The test to be applied is whether the party seeking summary judgment would be entitled to a directed verdict. United Oil Co.v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969).
Although both parties admit that precipitation was falling at the time of the incident, the plaintiff has presented a meteorological report indicating that freezing rain fell only until 7 a.m., six hours prior to the fall. At 1 p. m., the time of the fall, that report states that "non-freezing light rain" was falling.
The issue of whether the plaintiff's claimed injuries resulted from new ice or old ice, and when the effects of separate storms begin to converge, is properly submitted to the trier of fact. Cooks v. O'Brien Properties. Inc.,
CT Page 758248 Conn. App. 339, 347 (1998).
Therefore, because a genuine issue of material fact has been raised, the motion for summary judgment must be denied.
Although the defendants' motion for summary judgment must be denied based upon the facts presented, it should be noted that the existence of a written contract between the parties is insufficient to vary to standard of care applicable to the landowner. A landowner's duty of care with respect to others has always been determined by the status of the person entering his property. Sinert v. Olympia and York Development Co.,38 Conn. App. 844, 849 (1995).
Nothing contained in this particular writing would support the proposition that the plaintiff was owed an enhanced duty of care, or suggest that the defendants agreed to become absolute insurers of the plaintiff's safety.
The unusual circumstances exception permits a jury to consider evidence with respect to the changeover in precipitation, and the availability of alternative means of egress from the property, in determining whether unusual circumstances existed at the time in question, and a duty to remove ice from the sidewalk prior to 1 p. m. existed. Cooks v.O'Brien properties Inc., supra, 346-47.
The motion for summary judgment is DENIED.
Radcliffe, J.